UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL MILLER,<br><br>Defendant. | 5:05-CR-50101-01-KES<br><br><br>ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE |

Defendant, Michael Miller, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 98. Plaintiff, the United States of America, opposes the motion. Docket 111. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

Miller pleaded guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Dockets 27, 31. He completed his sentence of imprisonment and began a three-year term of supervised release. Docket 49 at 1. at On July 1, 2016, the court revoked Miller's supervised release and sentenced him to eight months in custody followed by two years supervised release. Dockets 63, 64. Shortly after his release, another petition to revoke Miller's supervised release was brought and a warrant was requested. Docket 65. On April 20, 2018, an amended petition to revoke supervised release was filed. Docket 74. On May 11, 2018, Miller appeared before the court and admitted to violating the terms of his supervised release. Docket 90. The court again revoked Miller's supervised release and sentenced

him to a term in custody to be served consecutive to a state sentence he was then serving in Wyoming. *Id.*; Docket 92 at 2-3. Miller's anticipated release date for his revocation sentence is September 14, 2021. Docket 106 at 15.

Miller is incarcerated at FCI Florence, a medium security facility with an adjacent minimum-security camp, in Florence, Colorado. Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last checked Mar. 31, 2021). The total population at FCI Florence is 1,235 persons. https://www.bop.gov/locations/institutions/flf/ (last visited Apr. 2, 2021). As of April 2, 2021, there are currently three active COVID-19 cases among inmates and four among staff at FCI Florence. *BOP: COVID-19 Update*, https://www.bop.gov/coronavirus/ (last visited Apr. 2, 2021). There have been two inmate deaths from COVID-19, and 771 inmates and 47 staff have recovered from COVID-19. *Id.*

Miller is 40 years old. https://www.bop.gov/inmateloc (last checked Mar. 31, 2021). Miller alleges he has various health conditions including hepatitis C, obesity, long term nerve pain, heartburn, and acid reflux that put him at risk if he contracts COVID-19. Docket 109; Docket 108 at 1.

On February 17, 2021, Miller completed a Reduction in Sentence Application, requesting he be considered for home confinement due to COVID-19. Docket 108; Docket 110. On February 26, 2021, Miller's counsel filed an additional Request for Reduction in Sentence. Docket 108 at 2. On January 8, 2021, Miller filed a pro se motion with the court for relief under the First Step Act. Docket 98.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. *Id.*

The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" to warrant a sentence reduction and the defendant must not pose a danger to the safety of others. USSG § 1B1.13(1)-(2) (U.S. Sentencing Comm. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Miller argues that the global COVID-19 crisis coupled with his health conditions satisfy the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 98; Docket 109. Miller requests a sentence of time served. Docket 109.

I.   **Administrative Exhaustion**

Previously, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress now permits courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier...." 18 U.S.C. § 3582(c)(1)(A).

Miller submitted an administrative request for compassionate release due to COVID-19 on February 17, 2021. Docket 110 at 1. Miller, through counsel, submitted an additional request on his behalf on February 26, 2021. Docket 108 at 2-3. More than 30 days have elapsed since the requests were made to the warden; therefore, the court will review the motion on its merits.

## II. Extraordinary and Compelling Reasons

Though section 3582(c)(1)(A)(i) provides for compassionate release upon a showing of "extraordinary and compelling reasons," Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). The Sentencing Commission was directed to describe what should be considered extraordinary and compelling reasons and fashion "the criteria to be applied and a list of specific examples." *Id.* The Sentencing Commission did so by limiting "extraordinary and compelling reasons" to four categories. USSG § 1B1.13, cmt. n.1(A)-(C). The four categories pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of

time served, and (4) compelling family circumstances. *Id.* A fifth catch-all category also exists for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. USSG § 1B1.13, cmt. n.1(D).

The Sentencing Commission's guidance in § 1B1.13 was provided prior to the passage of the FSA amending section 3582(c)(1)(A), and has not been updated because the commission lacks a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019). As a result, district courts, including this one, have questioned whether the previous policy statement still applies. [1] *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 457 F. Supp. 3d 691, 699 (S.D. Iowa 2020); *United States v. Poole*, 4:15-CR-4009-KES, 2020 WL 4673329, at *2 (D.S.D. Aug. 12, 2020).

The court has detailed the governing law and the analysis it uses when confronted with a compassionate release motion in multiple, previous reported and unreported decisions. *E.g.*, *United States v. Shields*, 3:07-CR-30106-01-KES, 2021 WL 765001, at *2-3 (D.S.D. Feb. 26, 2021); *United States v. Muhs*, 4:19-CR-40023-02-KES, 2021 WL 534517, at *2-3 (D.S.D. Feb. 12, 2021); *United States v. Adame*, 4:18-CR-40117-05-KES, 2020 WL 7212096, at *3

---

[1] The United States Court of Appeals for the Eighth Circuit has not yet determined whether the policy statements under the prior regime still apply. *United States* v. *Vangh*, -- F.3d --, 2021 WL 952580, *3 n.3 (8th Cir. March 15, 2021); *United States* v. *Loggins*, 966 F.3d 891 (8th Cir. 2020)*; United States* v. *Rodd*, 966 F.3d 740 (8th Cir. 2020).

5

(D.S.D. Dec. 7, 2020); *United States v. Nyuon*, 4:12-CR-40017-01-KES, 2020 WL 7029873, at *3 (D.S.D. Nov. 30, 2020).

It is clear Congress, through the FSA, intended to increase the use of compassionate release by allowing defendants to directly petition the sentencing court after exhausting administrative remedies. *See* Pub. L. No. 115-391, § 603(b), 132 Stat. at 5239. The statute instructs the court may reduce a term of imprisonment for "extraordinary and compelling reasons" if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The court has assumed the policy statements still apply to compassionate release motions brought under the FSA and utilizes USSG § 1B.13, Application Notes 1(A)-(D) to guide its analysis. *See e.g., Muhs*, 2021 WL 534517, at *3.

Miller contends that his medical conditions put him at high-risk of severe illness if he contracts COVID-19 and satisfy the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 109 at 1. Miller argues that his circumstances warrant relief under the medical conditions category, USSG § 1B1.13 comment note 1(A), and the catch-all provision, USSG § 1B1.13 comment note 1(D). *See* Docket 108 at 4-12.

Assuming the court's discretion to consider compassionate release is at least as broad as the outdated policy statement of the Sentencing Commission, Miller has failed to show his circumstances rise to the level of "extraordinary and compelling reasons" justifying a sentence reduction.

### A. Medical Conditions Category, Note 1(A)

COVID-19 appears to pose a particular risk for individuals with certain

6

existing health conditions. Recently, the Centers for Disease Control and Prevention (CDC) has updated its current understanding of these risks. *See People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (updated Mar. 29, 2021). According to the CDC, individuals with the following conditions *can* be more likely to become severely ill from COVID-19: cancer, chronic kidney disease at any stage, chronic lung diseases (including moderate to severe asthma, chronic obstructive pulmonary disease (COPD), cystic fibrosis, and pulmonary hypertension), dementia or other neurological conditions, down syndrome, diabetes (type 1 or type 2), heart conditions (such as heart failure, coronary artery disease, cardiomyopathies, or hypertension), HIV infection, immunocompromised state, liver disease, obesity, being overweight, pregnancy, sickle cell disease or thalassemia, being a current or former smoker, having a solid organ or blood stem cell transplant, history of stroke or cerebrovascular disease, and substance abuse disorders. *Id.*

The court has reviewed the medical records submitted in this case. Miller's medical conditions include hepatitis C, obesity, nerve pain, and heartburn. Docket 103 at 5-6, 213, 522, 698, 773; Docket 105 at 11. Obesity is among those identified by the CDC that can increase the risk of severe illness from COVID-19. Medical records show Miller is obese. Docket 103 at 5-6. In October of 2020, he weighed 335 pounds and is 6'1. Docket 103 at 15, 213. Based on his height and weight, Miller's body mass index (BMI) is 44.2, which is obese. *See Adult BMI Calculator,* https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last

7

visited Mar. 31, 2021). Miller has been counseled regarding weight loss while in custody. Docket 103 at 5-6.

Miller also has a history of hepatitis C.[2] Docket 106 at 11; Docket 103 at 763, 766, 805, 823. The CDC has specifically addressed hepatitis B and hepatitis C within the context of liver disease and the risks of COVID-19. *See What to Know About Liver Disease and COVID-19*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (updated Feb. 8, 2021). The CDC indicates: "people with liver disease (such as hepatitis B or hepatitis C), **might be at increased risk for serious illness from the virus that causes COIVD-19.**" *Id.* (emphasis in original). The CDC states: "[p]eople might be more likely to have severe disease if their medical conditions are not well controlled." *Id.* The CDC recommends: "[p]eople who are on treatment for hepatitis B or C should continue their treatment unless otherwise directed by their healthcare provider." *Id.*

In January 2018, Miller was tested for hepatitis C viral load and it was undetectable. Docket 103 at 756. His liver function tests were also normal. *Id.* A clinic visit in August 2018 noted Miller "has a positive HCV Ab but a negative HCV viral load without having been treated." Docket 103 at 647. Additionally, it was also reported that Miller "has no cirrhosis or significant liver disease and because he is HCV free, he no longer needs to be followed in CCC liver clinic."

---

[2] "Hepatitis C is a viral infection that causes liver inflammation, sometimes leading to serious liver damage" according to Mayo Clinic. *See* Mayo Clinic, https://www.mayoclinic.org/diseases-conditions/hepatitis-c/symptoms-causes/syc-20354278 (last visited Mar. 30, 2021). Chronic hepatitis C is usually curable with oral medications taken every day for two to six months. *Id.*

*Id.* This leads the court to believe that Miller's hepatitis C is well-controlled, if not resolved, and he is receiving proper management within the correctional facility.

The court has previously considered the risk posed by the combination of obesity and other conditions and has required a more particularized showing of risk to warrant compassionate release in the age of COVID-19. *See Muhs,* 2021 WL 534517, at *3-4 (denying compassionate release to defendant with obesity and hepatitis C); *United States v. Wright,* 4:16-CR-40083-04-KES, 2021 WL 391605 (D.S.D. Feb. 4, 2021) (denying compassionate release to defendant with BMI of 35.5 or 33.3, bipolar disorder, asthma, latent tuberculosis infection, and chronic and allergic rhinitis); *Adame,* 2020 WL 7212096, at *4-5; (denying compassionate release to defendant with BMI of 33.8, asthma, anxiety, and positive case of COVID-19); *United States v. McAbee,* No. 4:14-CR-40027-01-KES, 2020 WL 5231439, at *3-4 (D.S.D. Sept. 2, 2020) (finding defendant with asthma and a BMI of 30.8 or 31.7 did not establish extraordinary and compelling reasons). Miller's conditions are similar to those where the court has denied release.

The BOP has implemented a COVID-19 vaccination plan and is administering vaccines to inmates and staff. *See BOP: COVID-19 Update,* https://www.bop.gov/coronavirus/ (last visited Mar. 31, 2021). As of March 31, 2021, 106,106 doses had been administered systemwide. *Id.* At the Florence Correctional Center, 372 staff and 111 inmates have been fully inoculated as of March 31, 2021. *Id.* According to the BOP, those inmates who wish to receive the vaccine will have an opportunity to do so, but

9

> [w]hen an institution receives an allocation of the vaccine, it is first offered to full-time staff at that location, given that staff - who come and go between the facility and the community - present a higher potential vector for COVID-19 transmission. Vaccinating staff protects fellow staff, inmates at the facility, and the community.

*Id.*

The court concludes Miller's health concerns coupled with the present conditions at FCI Florence do not establish "extraordinary and compelling reasons" for his early release. The court believes Miller's medical conditions can be appropriately managed at FCI Florence, the facility is engaged in appropriate efforts to protect inmates against the spread of COVID-19, and the facility would act to treat any inmate who does contract COVID-19. The fact that FCI Florence has had COVID-19 infiltrate the facility does not negate such conclusions. On balance, the court is persuaded FCI Florence has acted appropriately to treat inmates who contract COVID-19.

### B. Catch-all Category, Note 1(D)

The catch-all category in Note 1(D) does not result in a different outcome. The catch-all category allows for release if there are extraordinary and compelling reasons other than, or in combination with, those identified in 1(A) through 1(C). USSG § 1B1.13, cmt. n.1(D). Even after considering the ongoing COVID-19 pandemic combined with Miller's medical conditions, the court is not convinced that extraordinary and compelling reasons exists to release Miller from custody early.

### III. Sentencing Factors of § 3553(a)

The court has also considered the 3553(a) factors and concludes the

sentencing factors weigh against compassionate release in this case.

Miller pleaded guilty to possession of a firearm by a prohibited person. Dockets 27, 31. After completing his sentence, his period of supervised release began. On March 27, 2017, Miller was observed by law enforcement when he reported a crime. Docket 89 ¶ 6. Miller was described as "delusional and highly fidgety" by law enforcement. *Id.* Miller later admitted that he had used methamphetamine two days prior. *Id.* A drug test was attempted but Miller refused to provide a urine sample and left the detox facility without prior authorization. *Id.* ¶¶ 6-7. On March 30, 2017, Miller tested positive for methamphetamine. *Id.* ¶ 9. When a second sample was requested of Miller, he fled. *Id.* Later that same day, Miller was arrested in Wyoming on four counts of felony burglary, obtaining goods by false pretenses, unlawful use of a credit card, two counts of destruction of property, possession of a controlled substance (marijuana), and accessory before the fact. *Id.* ¶ 10.

The advisory guideline range for Miller's revocation of supervised release was eight to fourteen months in custody based on his criminal history category VI. *Id.* ¶ 21. The court sentenced Miller within the guideline range to eight months in custody. Docket 91 at 2. Miller has served only a small fraction of that term. Docket 106 at 16.

The court's revocation decision was made with care, considering Miller's offense, history and characteristics, and all the other applicable factors. The court concludes Miller's revocation sentence of eight months in custody continues to be appropriate for the nature of his violations.

## CONCLUSION

Miller has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 98) is denied.

Dated April 2, 2021.

<div style="margin-left:auto">

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

</div>